UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

SUE ANN MIKOLAJCZYK,                           Case No. DM 15-90021
                                               Chapter 13
          Debtor.                              Hon. Scott W. Dales
_____/

In re:
                                               Case No. DM 15-90015
RICKY LYNN MOORE,                              Chapter 13
                                               Hon. Scott W. Dales
          Debtor.
_____/


<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

On June 2, 2015, the court conducted a hearing, by telephone, on the chapter 13 trustee's Request to Allow Telephonic and/or Video Appearance of Witnesses, made pursuant to Fed. R. Civ. P. 43(a) and Fed. R. Bankr. P. 9017, and filed in each of the above-captioned cases (collectively, the "Rule 43 Motion").[1]  Courtney Roberts, Esq., the attorney for chapter 13 trustee Barbara P. Foley (the "Trustee"), appeared and argued in support of the Rule 43 Motion.  Allan J. Rittenhouse, Esq., appeared for Sue Ann Mikolajczyk and Ricky Lynn Moore (the "Debtors"), and Jordan B. Segal, Esq., appeared for the Federal National Mortgage Association ("FNMA").[2]

---

[1] The Rule 43 Motion in the *Mikolajczyk* matter is reflected on the docket as DN 49; in the *Moore* matter, DN 37. Both motions raise identical issues.
[2] Mr. Segal limited his appearance to the *Mikolajczyk* matter in which his client, FNMA, asserts a claim.

Neither FNMA nor the Debtors opposed either Rule 43 Motion.  After considering the argument, the court announced its intention to deny the motions for the reasons set forth on the record, and supplemented herein.

As the court explained during the hearing, the Trustee did not establish "good cause in compelling circumstances" that would warrant a departure from the presumption that the court will take testimony, face to face, in open court.  *See* Fed. R. Civ. P. 43(a).  The strict requirements of the rule highlight the importance of presenting live testimony in part to impress upon witnesses the solemnity of the undertaking, and in part to give the fact-finder a full opportunity to evaluate the demeanor and gauge the credibility of witnesses.  The drafters of Rule 43 noted that "[t]he very ceremony of trial and the presence of the fact-finder may exert a powerful force for truth telling."  Fed. R. Civ. P. 43 (1996 Advisory Committee Note).  Compelling circumstances do not include mere inconvenience of a witness.  *Id.*  The court acknowledges the drafters' observation that "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission," but "the court is not bound by a stipulation . . . and can insist on live testimony."  *Id.*

Trustee's counsel argued that it would be expensive and inconvenient for the three[3] witnesses —each the Trustee's employee— to travel to the courthouse in Marquette, Michigan, taking into account *per diem* allowances and mileage expense of approximately $560.00 per witness, according to her report.  Although the court is well-acquainted with the burden and expense of travelling to Marquette to conduct hearings, the circumstances the Trustee offers to support her request to permit testimony by contemporaneous transmission would probably justify such testimony in most of the evidentiary hearings on the court's Marquette calendar, given the

---

[3] Counsel stated that the Trustee might not call all three witnesses, but reserved the right to do so.

role that many "Down-Staters" play in resolving disputes in the Upper Peninsula. In a judicial district of our size,[4] these circumstances indicate ordinary inconvenience, not "compelling circumstances" of the more persuasive kind identified in the 1996 Advisory Committee Notes, such as unexpected accident or illness. Accepting the Trustee's justification in this case would undermine the court's fact-finding function, practically eviscerating the preference for live testimony expressed in Rule 43(a) in the court's Northern Division. Rule 43's presumption applies in Marquette as well as Grand Rapids.

As the Sixth Circuit observed in the admittedly different context of criminal proceedings, "[i]n the most important affairs of life, people approach each other in person, and television is no substitute for direct personal contact." *Stoner v. Sowders*, 997 F.2d 209, 212–13 (6th Cir. 1993). Although the Rule 43 Motion does not raise constitutional concerns, the Sixth Circuit's observation is apt, and helps to explain the federal judiciary's preference for testimony in open court. Under the circumstances presented, the court prefers to hear from the witnesses directly, rather than through remote electronic transmission. For the foregoing reasons and those given on the record, the court will deny the Rule 43 Motion.

During the June 2, 2015 hearing, in connection with the *Moore* matter, Debtors' counsel made an oral motion seeking similar relief under Rule 43 (the "Oral Motion") with respect to a witness from River Valley Bank whom his client expects will offer favorable testimony at the confirmation hearing on June 10, 2015. Debtors' counsel explained that the bank's agent would have to travel two hundred miles to the court house in Marquette, for relatively limited, though important, testimony. The chapter 13 trustee opposed the Oral Motion.[5]

---

[4] Our District comprises approximately 35,000 square miles.
[5] Although the rules governing contested matters permit parties to make oral motions during a hearing, the court disfavors the practice because it frequently presents an unacceptable risk of surprise. *See* Fed. R. Bankr. P. 9013.

The Oral Motion, like the Trustee's Rule 43 Motion, seeks permission for a witness to appear by contemporaneous transmission from another location —in this case from the bank's offices by telephone.  As with the Trustee's Motion, the Debtors' counsel is required to establish "good cause in compelling circumstances and with appropriate safeguards" that would warrant a departure from the presumption that the court will take testimony, face to face, in open court.  *See* Fed. R. Civ. P. 43(a).  As for "good cause" and "compelling circumstances," the court finds, as it did in the *Mikolajczyk* matter, that the mere inconvenience of the witness will not satisfy the requirement. Despite the obvious inconvenience of travelling two hundred miles to testify, the circumstances do not rebut the presumption favoring live testimony in open court that Rule 43 raises.

Furthermore, when a court allows for a departure from usual requirement of face-to-face testimony, there must be "appropriate safeguards" in place.  *See* Fed. R. Civ. P. 43(a).  Debtors' counsel argues that a bank is a safe location and that guards at the bank should be able to corroborate her identity, thereby establishing the "appropriate safeguards" to which Rule 43 refers.   The court, however, is not just concerned about the safeguards in place when administering the oath and verifying the witness's identify, but also about preventing coaching or other irregularities during the testimony, and assessing credibility based on non-verbal cues. Similarly, the Trustee's counsel understandably expressed concerns about her ability to cross-examine the bank's agent without the benefit of actually seeing the witness, and given the clumsiness and interruption of telephonic communication.   Given the Trustee's well-taken concerns, and the court's own apprehension, the Debtors' counsel must make a much stronger showing before the court will take testimony by telephone.

Finally, in a separate order, the court will adjourn the hearing in the *Mikolajczyk* matter. As for the *Moore* matter, the court expects the parties to take appropriate steps to secure the attendance of witnesses at the June 10, 2015 evidentiary hearing in Marquette.   Nothing in today's decision should be construed as relaxing the protections available to a witness under Fed. R. Civ. P. 45(c), (d), or other applicable law.

NOW, THEREFORE, IT IS HEREBY ORDERED that each Rule 43 Motion (DN 49 in *Mikolajczyk* and DN 37 in *Moore*) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter a copy of this Memorandum of Decision and Order in the docket of each of the above-captioned cases.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision Order pursuant to Fed. R. Bankr. P. 9022 upon Susan Ann Mikolajczyk, Ricky Lynn Moore, Allan J. Rittenhouse, Esq., Jordan B. Segal, Esq., Courtney Roberts, Esq., and Barbara P. Foley, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 3, 2015**



Scott W. Dales
United States Bankruptcy Judge